**Felix GARCIA and Eduardo Lucero, Plaintiffs-Appellants,**

**v.**

**The COLORADO STATE BOARD OF LAW EXAMINERS, et al., Defendants-Appellees.**

**No. 83–2435.**

United States Court of Appeals, Tenth Circuit.

April 25, 1985.

Felix Garcia, pro se.

Eduardo Lucero, pro se.

Robert S. Treece and Evan M. Zuckerman of Hall & Evans, Denver, Colo., and Ruthanne Gartland, Office of the Atty. Gen., Denver, Colo., for defendants-appellees.

Before McKAY, BREITENSTEIN and SETH, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a), Tenth Circuit R. 10(e). The cause is therefore submitted without oral argument.

Plaintiffs failed the Colorado bar examination and brought this suit against the

justices of the Colorado Supreme Court and certain members of the State Board of Bar Examiners, claiming that the examination procedures both violate the Sherman Act and are racially discriminatory. Plaintiffs appeal from an order of summary judgment entered against them.

■ With respect to the Sherman Act violation, the crux of the plaintiffs' argument is that Colorado's system of grading the bar examination on a curve bears no relationship to competency but is designed only to limit the number of licensed attorneys, thus impeding competition. A virtually identical claim was recently rejected by the Supreme Court in *Hoover v. Ronwin,* — U.S. ——, 104 S.Ct. 1989, 80 L.Ed.2d 590 (1984). The decision on the antitrust claim will not be disturbed.

■ In *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed:2d 396 (1982), the Supreme Court held that executive branch officials are entitled to immunity for actions they could not have known would be a violation of plaintiff's constitutional rights. The trial court dismissed plaintiffs' section 1983 case on the basis of *Harlow.* We find no error in the trial court's analysis applying *Harlow* to the justices and the members of the State Board of Bar Examiners. On appeal, plaintiffs argue that even if *Harlow* applies, it would not apply to the prayer for injunctive relief in their complaint. We need not reach this issue, however, because we can find no basis in the record on which the district court could have relied to grant injunctive relief.

We note that the record reflects that plaintiffs came dangerously close to putting all their eggs in their antitrust basket. They conceded to the trial court that if the Supreme Court overturned *Ronwin* (as it did), they would be "mooted out" on their anti-trust claims. In any event, they failed to present to the trial court evidence or argument sufficient to give the court a basis to deny summary judgment against them. It might have been possible to develop a theory that a racially focused statement about failing more minority applicants made by a justice of the Colorado Supreme Court coupled with a coincidental change in the passing standard and a high minority fail rate was sufficient evidence of disparate treatment to survive a motion for summary judgment. However, in pursuit of their more promising antitrust theory, plaintiffs elected to argue and produce evidence that the passing grade had remained constant over a long period of time, antedating the justice's comments. They thus left their record in a state which made any result other than the one reached by the trial court unsupportable.

■ The uncontroverted evidence showed that the grading of the examinations was anonymous and plaintiffs concede the test was not improperly skewed against minorities. At best, their record shows some disparate impact. But the impact is not significant enough or sufficiently supported by other evidence to show the kind of purposeful discrimination mandated by *Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976), and *Arlington Heights v. Metropolitan Housing Corp.,* 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977).

The decision of the trial court is affirmed.